Arturo E. Matthews, Jr., Esq.
6 Hutton Centre Drive, Suite 600
Santa Ana, CA 92707
Phone: (714) 647-7110
Fax: (714) 647-5558
Email: aem@matthewsfirm.net
SBN: 145232

Counsel for Plaintiff, Christian Miranda

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| Christian Miranda,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Citibank, N.A.<br><br>　　　　Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES UNDER THE TELEPHONE CONSUMER PROTECTION ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1.　Plaintiff, Christian Miranda ("Christian" or "Plaintiff"), is a natural person who resided in Concord, California, at all times relevant to this action.

2.　Defendant, Citibank, N.A. ("Citibank" or "Defendant"), is a division of Citigroup, Inc., a Delaware corporation whose registered agent is the Corporation Trust Company, Wilmington, Delaware.

## JURISDICTION AND VENUE

3.　Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over this matter as it arises under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

Complaint　　　　　　　　　　　1

4.  Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## **STATEMENT OF FACTS**

5.  Before Citibank began contacting Christian, it and Christian had no prior business relationship and Christian had never provided express consent to Citibank to be contacted on his cellular phone.

6.  Within the past forty-eight months, Citibank began calling Christian on his cellular phone at XXX-XXX-0109 regarding a Citibank account for another individual, Priscilla.

7.  Shortly after the calls began, and on multiple occasions, thereafter, Christian advised Citibank that he was not the individual Citibank was looking for and that Citibank called the wrong number.

8.  In addition, Christian communicated his desire that Citibank cease calling him.

9.  In response, on at least one occasion, Citibank said, "Ok".

10. Despite these communications, Citibank continued to call Christian on his cellular phone multiple times.

11. Citibank's collection efforts, including but not limited to its telephone calls, caused Christian emotional distress in the form of frustration, annoyance, aggravation and anxiety.

12. Citibank's collection efforts also intruded upon Christian's privacy.

13. In addition, each time Citibank placed a telephone call to Christian, Citibank occupied Christian's telephone number such that Christian was unable to receive other phone calls at that telephone number while Citibank was calling him.

14. Citibank's telephone calls also forced Christian to lose time by having to tend to Citibank's unwanted calls.

**APPLICABLE LAW**

15. Senator Fritz Hollings, the original sponsor of the TCPA, stated:

> Computerized calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall.

137 Cong. Rec. 30,821 (1991).

16. The TCPA defines an automatic telephone dialing system ("ATDS") as "equipment which has the capacity…(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers."  47 U.S.C. § 227(a)(1).

17. "[A] predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists telemarkters in predicting when a sales agent will be available to take calls.  The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers."  *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961, 7973, ¶ 13 (2015); *see also In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14091-4093 (2003); *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C. Rcd. 559, 562-63 (2008).

18. A predictive dialer is an ATDS within the meaning of the TCPA. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961, 7973, ¶ 13 (2015); *see also In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14091-4093 (2003); *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C. Rcd. 559, 562-63 (2008).

Complaint                                       3

19.    Defendant used a predictive dialer to place calls to Plaintiff on his cellular telephone.

20.    The TCPA provides, in part:

(b)    RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—

(1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

* * *

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call…

47 U.S.C. §§ 227(b)(1)(A)(iii).

21.    The term "called party," as used in Section 227(b)(1)(A) of the TCPA, refers to the subscriber or the regular user of the called number at the time the telephone call is made. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961,7999-8000, ¶ 72-73 (2015).

22.    Any consent that may have been previously given as to a called telephone number lapses when that number is reassigned.   *Soppet*, 679 F.3d, at 641; *Sterling v. Mercantile Adjustment Bureau, LLC*, 2014 WL 1224604, *3 (W.D.N.Y. Nov. 22, 2013).

23.    A caller that places calls to a reassigned telephone number without the express consent of the called party is deemed to have "constructive knowledge" of the reassignment after one phone call has been placed to that reassigned number.   *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961, 7999-8000, ¶ 72 (2015).

Complaint                                                          4

24. Plaintiff was the "called party" in each telephone call Defendant placed to a Plaintiff's cellular telephone.

## COUNT ONE

### Violation of the Telephone Consumer Protection Act

25. Plaintiff re-alleges and incorporates by reference Paragraphs 5 through 14 above as if fully set forth herein.

26. Defendant violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time using an ATDS and/or an artificial or prerecorded voice to call Plaintiff on his cellular telephone without Plaintiff's prior express consent or after such consent had been revoked.

27. In addition, The TCPA provides, in part:

> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3).

28. The Communications Act of 1943, of which the TCPA is a part, defines "willful" as "the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision[], rule or regulation...."  47 U.S.C. § 312(f).

29. In order to establish a "willful" or "knowing" violation of the TCPA, a plaintiff need not demonstrate that the defendant intended to violate the statute, or that it knew or should have known it was violating the statute.  *See Roylance v. ALG Real Est. Servs., Inc*. 2015 U.S. Dist. LEXIS 44930, *31 (N.D. Cal. Mar. 16, 2015); *Bridgeview Health Care Ctr. Ltd. v. Clark*, 2013 U.S. Dist. LEXIS 37310, *21-22 (N.D. Ill. Mar. 19, 2013); *Steward v. Regent Asset Mgmt. Solutions, Inc.*, 2011 U.S. Dist. LEXIS 50046, *18-20 (N.D. Ga. 2011).

30. Instead, a plaintiff need only show that the defendant engaged in a "voluntary act" that violated the TCPA.  *See Bridgeview*, 2013 U.S. Dist. LEXIS, at *21-22; see also *Roylance*, 2015 U.S. Dist. LEXIS, at *31 (intentionally making phone calls that violated TCPA, without intent to violate the statute, was sufficient to warrant treble damages).

31. Defendant voluntarily placed telephone calls to Plaintiff's cellular telephone number using an ATDS and/or an artificial or prerecorded voice.

32. In addition, a company that places telephone calls using an ATDS and/or an artificial or prerecorded voice bears a responsibility to place intermittent live verification calls to ensure the subscriber being called has provided his or her express consent to be called.  *See Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1322 (S.D. Fla 2012); *aff'd* 755 F.3d 1265 (11th Cir. 2014).

33. Defendant failed to adequately place intermittent live verification calls to Plaintiff's cellular telephone number to ensure that Plaintiff had provided his/her express consent to Defendant to call those telephone numbers.

34. Defendant's violations of 47 U.S.C. § 227(b)(1)(A) were willfully and knowingly made.

### JURY DEMAND

35. Plaintiff demands a trial by jury.

### PRAYER FOR RELIEF

36. Plaintiff prays for the following relief:

  a. An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

  b. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

  c. For such other legal and/or equitable relief as the Court deems appropriate.

Complaint                                                     6

RESPECTFULLY SUBMITTED,


Date: October 3, 2016          By:    /s/ Arturo E. Matthews, Jr.
                                            Arturo E. Matthews, Jr., Esq.